Sharon Ann **ABOR** et al., Relators,

v.

The Honorable William C. **BLACK**,
Judge et al., Respondents.

No. C–4047.

Supreme Court of Texas.

July 17, 1985.

Rehearing Denied Sept. 16, 1985.

Kidd, Whitehurst and Harkness, William O. Whitehurst, Austin, for relators.

Bowmer, Courtney, Burleson, Pemberton and Normand, Bob Burleson, Temple, Mehaffey, Weber, Keith and Gonsoulin, O.J. Weber, Beaumont, Roark and Fernandez, David Fernandez, Temple, for respondents.

SPEARS, Justice.

The question presented is whether a potential defendant in a negligence action can choose the time and forum for trial by beating the potential plaintiff to the courthouse and filing suit seeking a declaration of non-liability under Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965). Sharon Abor seeks mandamus relief to compel the Bell County District Court to abate a declaratory judgment action and defer to the Harris County District Court in which she is the plaintiff in a negligence action. We agree the respondents have attempted an unauthorized use of the Declaratory Judgment Act, but for reasons stated herein decline to grant mandamus relief.

Sharon Abor brought her daughter, Demeatrick Latoya Jones, to Scott & White Hospital for leukemia chemotherapy on February 11, 1982. The doctor picked up the wrong syringe and mistakenly injected the drug Vincristine into Demeatrick's spinal column. The nurse who set up the tray caught the mistake and notified the doctor. The doctor consulted the package insert provided with the drug by the manufacturer, Eli Lilly, but the insert did not indicate the significance of a spinal injection. The doctor then consulted other doctors at Scott & White, and the decision was made to simply send the child home without telling the mother of the mistake. The little girl became ill that night, and wasted away for sixty days before succumbing on April 18, 1982. The Vincristine had slowly absorbed and attacked brain and other nerve tissue.

On February 10, 1984, Abor filed a wrongful death action against Eli Lilly in Harris County. Eli Lilly removed the lawsuit to federal district court. Abor subsequently joined Scott & White Hospital, and various hospital staff members as defendants in the federal court action. The Scott & White parties filed a motion to dismiss for want of diversity jurisdiction. The federal court granted the motion on August 29, 1984. While no suit was pending, the Scott & White parties brought a declaratory judgment action in Bell County asking for a declaration of non-liability. Eli Lilly intervened in the Bell County suit. Abor then refiled her wrongful death action in Harris County. After Abor's refiling, the Scott & White parties added an action for sworn account to their pleadings. Abor filed a plea in abatement in the Bell County action, contending that suit was an improper use of the declaratory judgment act. The plea in abatement was denied by Judge Black on January 16, 1985.

The Texas Declaratory Judgment Act provides:

Section 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

Art. 2524–1 § 1. The act enumerates several permissible actions such as construction of contracts, wills, and determinations of the rights and duties of executors as suitable for declaratory judgments, but indicates that the listed actions do not restrict the scope of the act. Art. 2524–1 §§ 2–5.

Abor argues that the declaratory judgment act is unavailable to parties attempting to determine non-liability in a personal injury suit. In *K.M.S. Research Laboratories v. Willingham*, 629 S.W.2d 173, 174

(Tex.App.—Dallas 1982, no writ), the court recited that "litigation of liability by a potential defendant in a tort action is an improper use of declaratory judgment legislation."

The respondents argue that such is a proper use of the act, and cite *Serna v. Cochrum*, 290 S.W.2d 383 (Tex.Civ.App.— San Antonio 1956, writ ref'd n.r.e.). The parties in *Serna* did use the declaratory judgment act to litigate a potential defendant's liability in a personal injury action. However, the potential plaintiffs who were sued under the act, immediately set up cross-actions for damages and did not dispute the use of the act. Therefore, unauthorized use of the act was never an issue in the case.

Because this is a uniform act and because the legislature has indicated that this act is to be interpreted in conformity with the other states which have enacted it, we will examine its construction by other jurisdictions. The majority of jurisdictions addressing the question have held that a trial court should not exercise jurisdiction over a suit for declaration of non-liability by a potential negligence defendant.

In construing the Federal Declaratory Judgment Act, the court of appeals for the third circuit held "that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasor would be a perversion of the Declaratory Judgment Act." *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir.1969) *cert. den.* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745. The *Cunningham* court suggested that the primary purpose of the Act is to prevent the accrual of avoidable damages to those not certain of their rights, and reasoned that allowing a potential negligence defendant to obtain a declaration of non-liability would force an injured person to litigate a claim that the party may not wish to litigate at a potentially inconvenient forum, and perhaps at a time before the full extent of damages can be determined. The seventh circuit in *Cunningham* agreed with the conclusion reached by the third circuit

in *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F.Supp. 280, 282 (E.D.Pa.1952) *aff'd* (opinion adopted), 203 F.2d 957 (3rd Cir.1953) that "it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." *See* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2760 (2nd ed. 1983).

The Illinois Supreme Court has held that a declaration of non-liability for past conduct is not normally a function of the declaratory judgment statute because it deprives the potential plaintiff of the right to determine whether to file, and if so, when and where. *Howlett v. Scott*, 69 Ill.2d 135, 13 Ill.Dec. 9, 12, 370 N.E.2d 1036, 1039 (1977). *See Bankers & Shippers Ins. Co. of New York v. Kildow*, 9 Ark.App. 86, 654 S.W.2d 600, 603 (1983); *Watson v. Sansone*, 19 Cal.App.3d 1, 96 Cal.Rptr. 387, 389 (1971); *Employer's Fire Ins. Co. v. Beals*, 103 R.I. 623, 240 A.2d 397, 402 (1968). *See also Campbell 66 Express, Inc. v. Thermo King of Springfield, Inc.*, 563 S.W.2d 776, 779 (Mo.App.1978), *Utility Blade & Razor Co. v. Donovan*, 33 N.J.Super. 566, 111 A.2d 300, 303 (1955).

■ Because our statute appears to give the courts jurisdiction over declarations of non-liability of a potential defendant in a tort action, we find that the Bell County District Court had jurisdiction over the suit. However, we hold that the trial court should have declined to exercise such jurisdiction because it deprived the real plaintiff of the traditional right to choose the time and place of suit.

■ This court has consistently held that it lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *Grimm v. Garner*, 589 S.W.2d 955, 956 (Tex.1979); *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969) *cert. den.* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958); *Aycock v. Clark*, 94 Tex. 375, 60

S.W. 665, 666 (1901). Such incidental rulings include:

> (1) pleas to the jurisdiction, (2) pleas of privilege, (3) *pleas in abatement,* (4) motions for summary judgment, (5) motions for instructed verdict, (6) motions for judgment non obstante verdicto, (7) motions for new trial, and a myriad of interlocutory orders and judgments; and, as to each, it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled. (Emphasis added.)

*Pope,* 445 S.W.2d at 954. However, the court will issue a writ of mandamus to direct a trial judge to enter or set aside a particular judgment when the directed course of action is the only proper course and the petitioner has no other remedy. *State ex rel. Pettit v. Thurmond,* 516 S.W.2d 119, 121 (Tex.1974); *Pope,* 445 S.W.2d at 954. Under such circumstances mandamus will lie when there is a clear abuse of discretion; or in the absence of another adequate remedy, mandamus will lie when a district court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 834 (Tex.1980).

■ In this case, the trial judge was called upon to decide a plea in abatement. Abor argued that the trial judge should sustain the plea in abatement because the Scott and White parties were attempting an unauthorized use of the declaratory judgment act, which meant that Abor's subsequently refiled suit in Harris County has priority. The trial court denied the plea in abatement; however, the trial judge did not act in violation of a clear duty under the law, nor was the denial of the plea in abatement a clear abuse of discretion because the law in Texas was not settled. Furthermore, Abor has a remedy by appeal to correct this incidental ruling.

Abor argues that under *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974), mandamus is proper in questions of dominant jurisdiction. We stated in *Curtis* that if the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdiction. 511 S.W.2d at 267. The distinction in *Curtis* is that one of the courts had enjoined the other court from proceeding. While the language of *Curtis* could have been more precise, we decline to grant mandamus relief here because there is no conflict of jurisdiction. No injunction has been granted in this case nor has any order which actively interferes with the exercise of jurisdiction in the Harris County District Court. Consequently, we deny mandamus relief. Perhaps, however, should a plea in abatement be refiled, Judge Black will reconsider his ruling in light of this opinion.

ROBERTSON, J., files a dissenting opinion in which HILL, C.J., joins.

ROBERTSON, Justice, dissenting.

I respectfully dissent. The declaratory judgment act expressly provides for uniformity of interpretation:

> This Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees.

Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 15.

The Court acknowledges that it is a uniform act and plainly states: "The majority of jurisdictions addressing the specific question have held that a trial court should not exercise jurisdiction over a suit for declaration of non-liability by a potential negligence defendant." 695 S.W.2d at 566. In light of the ample authority discussed in the majority opinion, I would hold that the trial court clearly abused its discretion in denying Abor's plea in abatement. *E.g., Cunningham Brothers, Inc. v. Bail,* 407 F.2d 1165 (7th Cir.), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *K.M.S. Research Laboratories v. Willingham,* 629 S.W.2d 173 (Tex.App.—Dallas 1982, no writ); *Howlett v. Scott,* 69 Ill.2d 135, 13 Ill.Dec. 9, 370

N.E.2d 1036 (1977). By exercising jurisdiction over the declaratory judgment action, the trial court is depriving plaintiff Abor of the traditional right to choose the time and place of suit.

This Court has jurisdiction to grant mandamus relief for a clear abuse of discretion. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 834 (Tex.1980). Accordingly, I would grant the writ of mandamus and order the Bell County District Court to abate the action and to defer to the pending action in Harris County.

HILL, C.J., joins in this dissenting opinion.