Monty MARTIN, Relator,

v.

The Honorable Bennie C. BOLES, Judge, 123rd Judicial District Court, Panola County, Texas, Respondent.

No. 6–92–104–CV.

Court of Appeals of Texas, Texarkana.

Sept. 22, 1992.

Rehearing Denied Oct. 13, 1992.

LeRoy LaSalle, Law Offices of LeRoy LaSalle, Carthage, for relator.

Clay M. White, Sammons & Parker, Paul M. Boyd, Foley & Boyd, P.C., Tyler, G. Thomas Allison, III, Merriman, Patterson & Allison, David Watson, Rex A. Nichols, P.A., Longview, Danny Buck Davidson, Carthage, for respondent.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

Monty Martin asks this court to direct the Honorable Bennie Boles, judge of the 123rd District Court, to vacate his order quashing the taking of a deposition. We conditionally grant Martin's petition for writ of mandamus.

■ Martin sued Big Run Gas Production Company and others because of injuries he sustained when a pipeline coupling blew up. Big Run Production Company hired an expert, Mike Burleson, to review the facts relating to the explosion and to prepare a written report. Before Big Run determined not to call Burleson as a witness at trial, it produced Burleson's report in answering an interrogatory propounded by Martin. Burleson's report was reviewed by Gary Smith, likewise an expert, who was retained by Martin to testify about the cause of the coupling explosion.

Martin's attorney sought to take Burleson's deposition and to obtain copies of related documents. Big Run Production Company filed a motion to quash the proposed deposition and subpoena duces tecum. The trial court granted the motion to quash.

■ In seeking mandamus, the relator must establish that the facts and law permit the trial court to make only one decision. Mandamus will not issue to control the action of a lower court in a discretionary matter but is only available to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). We must initially determine whether Martin has another adequate remedy at law, such as appeal. *Walker v. Packer*, 827 S.W.2d at 840. Such a remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Id.* at 842. Without Burleson's deposition, we would be unable to evaluate the effect of the error, and appeal would not be an adequate remedy.

■ The attorney for Big Run Production Company argues that the trial court

erred in applying legal principles controlling its ruling. Our review of this determination applies a much less deferential standard than that applied in reviewing a factual determination by a trial court; a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion and may result in the issuance of a writ of mandamus. *See Walker v. Packer,* 827 S.W.2d at 840; *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985).

 Information about a consulting witness and documents containing the witness' impressions and opinions are discoverable if the consulting expert's opinion or impressions about that case have been reviewed by a testifying expert.[1] Rule 166b(3) does not require that the consulting expert and testifying expert be retained by the same party, but necessarily implies that a witness must be designated as a consulting expert in order to protect his report from discovery and review.

We conclude that the trial court legally erred and conditionally grant the writ of mandamus. The clerk of this court will issue the writ only if the trial judge refuses to allow the taking of the deposition.

---

1. TEX.R.CIV.P. 166b(3)(b) provides:
 3. Exemptions. The following matters are protected from disclosure by privilege:
 ....
 b. *Experts.* The identity, mental impressions and opinions of an expert who has been informally consulted or of an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial or any documents or tangible things containing such information if the expert will not be called as an expert witness, except that the identity, mental impressions and opinions of an expert who will not be called to testify as an expert and any documents or tangible things containing such impressions and opinions are discoverable if the consulting expert's opinion or impressions have been reviewed by a testifying expert.

 ....
 Upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means, a party may obtain discovery of the materials otherwise exempted from discovery by subparagraphs c and d of this paragraph 3. Nothing in this paragraph 3 shall be construed to render nondiscoverable the identity and location of any potential party, any person having knowledge of relevant facts, any expert who is expected to be called as a witness in the action, or of any consulting expert whose opinions or impressions have been reviewed by a testifying expert.