In re **KELLOGG BROWN & ROOT**
**f/k/a Brown & Root, Inc.,**
**Relator.**

No. 01–99–00375–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 12, 1999.

Bruce Hurley, Robert E. Meadows, Houston, for Relator.

Thomas O. Deen, Nelson Dean Skyler, Houston, for Real Party in Interest.

Nelson Dean Skyler, Houston, for Rei.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.[1]

## OPINION

HEDGES, Justice.

Relator, Kellogg Brown & Root f/k/a Brown & Root, Inc., brings this petition for writ of mandamus pursuant to Texas Government Code Section 22.221(b) seeking review of the trial court's order denying its motion to compel. We deny the petition for writ of mandamus.

### BACKGROUND

The underlying lawsuit arose from a personal injury action brought by Sidney Ervin against Brown & Root, Amoco Oil Corp., and a third defendant for alleged exposure to silica (the "Ervin suit"). At the time of his injuries, Ervin was employed by Sipco Services & Marine, Inc., the real party in interest. Ervin was performing sandblasting and painting operations for Sipco at an Amoco plant. His injuries were allegedly caused by his inhalation of airborne particulates.

Sipco was a Brown & Root subcontractor on the Amoco project. The contract between Sipco and Brown & Root included an indemnity provision. During the course of the Ervin suit, Brown & Root and Amoco filed cross-claims against Sipco based on this indemnity provision.

Early in the Ervin suit, Ervin demanded $4,500,000 to settle the claims against Brown & Root and Amoco. Brown & Root and Amoco requested that Sipco satisfy this demand pursuant to its contractual indemnity obligation. Sipco refused. Shortly before trial, Brown & Root and Amoco requested that Sipco pay $1,500,000 in exchange for a release of the cross-

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

claims against Sipco. Sipco again refused. Brown & Root and Amoco thereafter settled the Ervin suit for $1,500,000.

Shortly after this settlement, Sipco filed an amended answer to the cross-claims, alleging that the settlement of the Ervin suit was not reasonable. Brown & Root sent discovery to Sipco requesting copies of the correspondence between Sipco and its non-defending insurers and indemnitors. Brown & Root contended that this correspondence showed that its settlement of the Ervin suit was reasonable. Sipco objected to the discovery requests claiming that the correspondence was protected by the attorney-client privilege and work-product privilege. In response, Brown & Root filed a motion to compel, which the trial court denied. This mandamus proceeding arose from the trial court's denial of the motion to compel.

## PROPRIETY OF MANDAMUS RELIEF

Mandamus shall issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). In *Johnson,* the court stated: "A trial court ... abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* That court went on to state that before an appellate court may issue mandamus, "[t]he relator must establish, under the circumstances of the case, that the facts and law permit[ted] the trial court to make but one decision." *Id.*

In the present case, Brown & Root and Sipco both concede that this mandamus presents an issue of first impression. We conclude that the facts and law do not dictate that the trial court could make only one decision. As such, we cannot say that the trial court committed a "clear abuse of discretion."

The resolution of a heretofore undecided point of law is more appropriately addressed in the context of an appeal, as opposed to a mandamus proceeding, because an appeal is not an extraordinary proceeding and because we are presented with a more complete record. *See Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985) (orig.proceeding).

We deny the petition for writ of mandamus.