6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00061-CV


______________________________





IN RE:


WILLIAM EARL CRAWFORD, JR.








 
 

Original Mandamus Proceeding







 
 



Before Cornelius, C.J., Grant and Ross, JJ.

Opinion by Justice Ross



O P I N I O N


 William Earl Crawford, Jr. asks this Court to issue a writ of mandamus directing
entry of a nunc pro tunc judgment in three criminal cases in which he was the defendant. 
The record provided shows that the judgment in each of these three cases reflects a
finding of restitution owed, but the record shows the trial court did not make these findings
in open court when Crawford was sentenced. 

 Mandamus issues only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). Mandamus is an extraordinary remedy that
will issue only to correct a clear abuse of discretion or, in the absence of another statutory
remedy, when the trial court fails to observe a mandatory statutory provision conferring a
right or forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985).

 Crawford argues he had no notice that restitution was to be ordered and no
opportunity to contest the matter. Based on that position, he then contends the trial court
thus had no discretion to order restitution. He therefore finally contends the trial court
therefore abused its discretion by refusing to enter a judgment nunc pro tunc to reflect the
actual sentence as pronounced in open court. Crawford states he did not appeal because
he did not become aware that restitution had been included in the judgment until after time
to file an appeal had expired. (1) 

 Counsel acknowledges restitution is not within the statutory definition of a sentence. 
He is also correct to state that an order of restitution is subject to appeal along with the
formal "sentence." The statutes, however, do not clearly require an order of restitution be
made at the time of sentencing. (2) Indeed, the definition of a sentence does not encompass
everything included within a judgment, so that a sentence now includes only the part of the
judgment ordering the punishment be carried into execution. See State v. Ross, 953
S.W.2d 748, 750 (Tex. Crim. App. 1997).

 The judgment could have been attacked by appeal, and it is clear the finding of
restitution contained within the judgment could have been addressed by that appeal. 
Crawford could have appealed from the judgment. Normally, then, mandamus would not
be available.

 Relator argues mandamus relief is available, directing our attention to Ross, 953
S.W.2d 748. In that case, the court reviewed a situation where a trial court failed to enter
a deadly weapon finding in the judgment. The trial court denied the state's motion to enter
a nunc pro tunc judgment correcting the omission, and the state appealed. The Dallas
Court of Appeals dismissed for want of jurisdiction. The Texas Court of Criminal Appeals
affirmed, holding that, "if the trial court denies the State's motion for a nunc pro tunc order,
the State can file a writ of mandamus in order to compel the trial judge to enter the
affirmative finding into the judgment." Id. at 752.

 In reaching that conclusion, the court relied on Perkins v. Court of Appeals, 738
S.W.2d 276, 284 (Tex. Crim. App. 1987), where it held mandamus is an available remedy
that may be used to direct a trial court to "enter a particular judgment if it is the only proper
judgment that can be rendered in the circumstances . . . ." That conclusion was based on
the court's reasoning that entry of the proper judgment (in that case, the enforcement of
a plea agreement) is a ministerial, mandatory, and nondiscretionary duty that is
enforceable through mandamus.

 We find it significant that both of these cases addressed attempts by the state to
correct or alter a judgment. As recognized in those cases, the state has no right to appeal
to seek such a correction and must necessarily seek a nunc pro tunc order. When that
type of order is improperly denied, the state would have no avenue except mandamus to
attempt to make the judgment correctly reflect the result of the proceedings.

 Unlike that situation, in this case Crawford had the right to appeal and could have
raised any error in the order of restitution at that time. Accordingly, we find Crawford had
an avenue for relief which he did not pursue, and he cannot now raise this matter through
a mandamus proceeding.

 Even if he could do so, the Texas Court of Criminal Appeals has not addressed any
necessity to orally pronounce the restitution order from the bench. We must also recognize
that an order of restitution is not part of the sentence. Thus, we cannot conclude the order
was required to be announced during the sentencing procedure, and therefore we would
not find the trial court failed to perform a mandatory duty by refusing to enter a judgment
nunc pro tunc deleting the restitution order from the judgment.

 The petition is denied.


 Donald R. Ross

 Justice


Date Submitted: May 7, 2002

Date Decided: May 7, 2002


Do Not Publish


1. The judgment was rendered and sentence imposed May 2, 2000. This mandamus
was filed April 30, 2002.
2. Tex. Code Crim. Proc. Ann. art. 42.037(e) (Vernon Supp. 2002) requires that the
imposition of restitution may "not unduly complicate or prolong the sentencing process." 
That suggests an order of restitution is to be considered as a part of the sentence, but
does not necessarily require the restitution to be announced from the bench.