**In re Richard Markeil HENSON.**

No. 06–03–00152–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 17, 2003.

Decided Nov. 18, 2003.

Craig L. Henry, Texarkana, for relator.

Alwin A. Smith, Asst. Dist. Atty., for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Richard Markeil Henson has filed a petition for writ of mandamus in which he asks this Court to order the trial court to comply with the requirements of TEX.CODE CRIM. PROC. ANN. art. 17.33 (Vernon 1977), to allow him to make an offer of proof of evidence excluded at the hearing on his underlying application for habeas corpus, and to abate his pending appeal on that matter until the offer of proof can be made.

■■■ According to Henson's petition, he is confined by the Sheriff of Bowie County "pursuant to three complaints, wherein he is charged with three counts of the felony offense of capital murder." The petition now before this Court concerns his attempt to obtain lower bonds in connection with those three accusations.[1] Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985).

Henson contends the trial court violated a duty imposed by law when it did not comply with Article 17.33 and review written statements of the State's witnesses as well as other evidence in determining the amount of bail. In connection with that contention, as well as in connection with his habeas appeal, he also argues the trial court should have allowed him to obtain written statements from the officers in-

---

1. His accelerated appeal from the bond pro-    ceeding is pending before this Court.

volved in the investigation of the underlying murder accusations or to make an offer of proof in which he could have obtained that information.

■ Article 17.33 does not contain mandatory language. It provides that, "The accused may at any time after being confined request a magistrate to review the written statements of the witnesses for the State...." The statute does not contain language requiring the magistrate to order such statements produced or requiring the magistrate to review such statements if they existed. Accordingly, we cannot conclude the trial court violated a duty imposed by law in this situation.

■ Henson's secondary argument is that the trial court abused its discretion by failing to allow him to make a bill of exception containing the evidence that he wanted to offer in connection with the Article 17.33 claim addressed above. As previously stated, the article provides that the decision to consider evidence by the court is discretionary. It follows that there is also no mandatory duty in the context of this article compelling the court to direct that evidence be taken, or requiring the court to direct witnesses to make themselves available to provide such evidence. In the absence of a mandatory duty, mandamus will not lie, and the request to abate the appeal is therefore denied.

The petition is denied.