MEMORANDUM OPINION


No. 04-03-00873-CV


John T. BOLLINGER, Jr.,

Appellant


v.


TELECOM CONSTRUCTION SERVICES, L.P.,

Larry William Johnson, and Octavio and Beatriz Longoria,

Appellees


From the County Court at Law, Kendall County, Texas

Trial Court No. 02-277CCL

Honorable Bill Palmer, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: December 30, 2004 


AFFIRMED

 This is an appeal of a judgment declaring that a marriage did not exist. The suit was
brought by an acknowledged tortfeasor to determine whether it was liable to a person
claiming to be the spouse of someone killed in an automobile accident. The question is
whether a trial court has subject matter jurisdiction to determine potential tort liability in a
declaratory judgment action. Because the issue in this appeal involves the application of
well-settled principles of law, we affirm the trial court's judgment in this memorandum
opinion under Tex. R. App. P. 47.4.Factual and Procedural Background

 Beatriz G. Longoria was killed in an automobile accident in Kendall County. Her
parents, Octavio and Beatriz Longoria, filed a wrongful death action in Bexar County against
Larry William Johnson, the driver of the other vehicle involved in the accident, and his
employer, Telecom Construction Services, L.P. (hereinafter jointly referred to as
"Telecom"), for damages resulting from their daughter's death. John T. Bollinger, Jr.
intervened in the Bexar County lawsuit, claiming to be Beatriz's surviving common-law
husband, seeking his own wrongful death and bystander damages.

 As the claims between the parents and Telecom were being settled in the Bexar
County lawsuit, Telecom filed this declaratory judgment action in Kendall County against
Bollinger and Beatriz's parents for the purpose of determining whether Bollinger was indeed
Beatriz's common-law husband. Telecom says it has "standing" to sue because "it is not in
a position to properly evaluate" Bollinger's "claims and potential claims" "given the
uncertainty of [the marriage] relationship" and because it is "a party affected by the true
nature" of the relationship.


 Bollinger counterclaimed in the Kendall County lawsuit for his wrongful death and
bystander damages and moved to dismiss Telecom's suit claiming the declaratory judgment
statute does not confer subject matter jurisdiction to decide potential tort liability. The
motion to dismiss was denied. Bollinger's counterclaim was then severed out and abated, and
the question of whether Bollinger was married to Beatriz at the time of her death was
submitted to a jury, which found that no marriage existed.

Discussion

 To support his contention that the trial court lacked subject matter jurisdiction to
determine potential tort liability in a declaratory judgment action, Bollinger relies on the
supreme court's decision in Abor v. Black, 695 S.W.2d 564 (Tex. 1985). But Abor supports
the opposite conclusion. In that case, the court held that the declaratory judgment statute
"appears to give the courts jurisdiction over declarations of non-liability of a potential
defendant in a tort action." Abor, 695 S.W.2d at 566. However, the court went on to say the
trial court in that case "should have declined to exercise such jurisdiction because it deprived
the real plaintiff of the traditional right to choose the time and place of suit." Id. 

 If it was error for the trial court to exercise its jurisdiction in this case, the error was
waived, or at least rendered harmless, when Bollinger filed his counterclaim. The trial court
then had before it Bollinger's wrongful death and bystander claims as well as Telecom's
defense-that it was not liable to Bollinger if he was not Beatriz's spouse at the time of her 


death. The bifurcated trial procedure used by the trial court in resolving the defensive issue
first is not complained about in this appeal and we do not express any opinion about it. 

Conclusion

 On the sole issue presented, that the trial court lacked subject matter jurisdiction to
render the judgment in this case, the issue is overruled. The trial court's judgment is
therefore affirmed.

 Justice Paul W. Green