6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00017-CV
______________________________



IN RE:
PRINCE BROWN




                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

          Prince Brown has filed with this Court a petition seeking mandamus relief from the
Honorable Bonnie Leggat Hagan, Judge of the 71st Judicial District Court, Harrison
County. Brown is currently incarcerated in the Texas Department of Criminal Justice.


 
Brown claims he was arrested and jailed for the offense of felon in possession of a firearm 
March 6, 2003, and that the State has failed to indict him for such charge.


 Brown states
that on December 19, 2005, he filed with the trial court a motion to dismiss charges
regarding his arrest for felon in possession of a firearm.



          In response, the State contends that Brown was convicted of the above-referenced
delivery of controlled substance charges in March 2004; and that the criminal district
attorney for Harrison County "rejected the charge of Felon in Possession of a Firearm for
prosecution" May 12, 2004. The State goes on to say that Brown "invoked the jurisdiction
of the 71st District Court, as a magistrate court" by moving for an examining trial in that
court in March 2003. According to the State, an examining trial was had, and the district
court, acting as a magistrate, made a finding of probable cause. Apparently, the charge
of felon in possession of a firearm was never presented to a Harrison County grand jury,
and the State "rejected" that charge in May 2004. 
          Brown has presented this Court with nothing to establish conclusively that a) any
charges or complaint is pending against him relating to a charge of felon in possession of
a firearm, or b) there is any ministerial obligation on the district court's part which would
entitle Brown to mandamus relief. 
          Mandamus issues only when the mandamus record establishes (1) a clear
abuse of discretion or the violation of a duty imposed by law, and (2) the absence of
a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994);
Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an
extraordinary remedy that will issue only to correct a clear abuse of discretion or, in
the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor
v. Black, 695 S.W.2d 564, 567 (Tex. 1985).
 
 
 
 
 
            Finding no basis in Brown's petition or in the record before us to support his
requested relief, we deny his petition for writ of mandamus. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 31, 2006
Date Decided:         February 1, 2006