Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed April 27, 2006









 

Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00161-CV

____________

 

IN RE STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

BRYAN KENNEY, RAY MEDLEY, AND OSCAR GARCIA, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

  M E M O R A N D U
M   O P I N I O N

In this original proceeding, relators seek a
writ of mandamus ordering the respondent, the Honorable Lonnie Cox, presiding
judge of the 56th Judicial District Court of Galveston County, to set aside his
ruling denying relators= motion to abate the real party in interest=s extra-contractual claims until
after her breach of contract case has been resolved.  We conditionally grant the writ.








The underlying lawsuit arises from a claim for uninsured
motorist insurance benefits.  The real
party in interest, Kimberly Curry, filed suit against her insurer, State Farm,
claiming breach of contract, breach of good faith and fair dealing, violations
of the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance
Code.  Relators filed a motion to sever
the breach of contract claim from the other claims, which the trial court
denied.  While still disputing liability,
relators made a settlement offer to the real party in interest, which she
rejected.  Relators then filed an amended
motion to sever and abate arguing that once a settlement offer was made,
severance and abatement of the extra-contractual claims was required.  The trial court granted relators= motion to sever, but denied the
motion to abate. 

Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles when there is no other adequate remedy by law.  See Walker v. Packer, 827 S.W.2d 833,
839-40 (Tex. 1992).  A trial court abuses
its discretion if Ait reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.@ 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex.1985).  When alleging that a trial
court abused its discretion in its resolution of factual issues, the party must
show the trial court could reasonably have reached only one decision. Id.
at 918.  As to the determination of legal
principles, an abuse of discretion occurs if the trial court clearly fails to
analyze or apply the law correctly.  See
Walker, 827 S.W.2d at 840. 

In determining whether the writ should issue, we must further
determine whether the party has an adequate remedy by appeal.  Id. 
Mandamus is intended to be an extraordinary remedy, only available in
limited circumstances Ainvolving manifest  and
urgent necessity and not for grievances that may be addressed by other
remedies.@ 
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989). 








In
most circumstances, a decision to grant or deny a motion to abate is within the
discretion of the trial court.  Project
Eng=g USA Corp. v. Gator Hawk, Inc. 833 S.W.2d 716, 724 (Tex. App.BHouston [1st Dist.] 1992, no
writ).  As a general rule, a plea in
abatement is an incidental ruling that is not subject to mandamus review.  Abor v. Black, 695 S.W.2d 564, 567
(Tex. 1985).  However, where a plaintiff
has filed a breach of contract claim as well as extra-contractual claims, and a
settlement offer has been made, severance and abatement are required.  U.S. Fire Ins. Co. v. Millard, 847
S.W.2d 668, 673 (Tex. App.BHouston [1st Dist.] 1993, original proceeding).  It is an abuse of discretion and a violation
of plain legal duty to deny a motion to sever and abate an uninsured motorist
breach of contract claim from extra-contractual claims.  Id. 
Further, relators do not have an adequate remedy by appeal because if
the extra-contractual claims are tried with the breach of contract claim, the
court, as well as the parties, will be put to the expense and the effort of
preparing and trying extra-contractual claims that may be disposed of in the
resolution of the breach of contract claim. 
Id. at 675.

Relators
are entitled to mandamus relief compelling the respondent to abate the real
party in interest=s breach of contract claim from her extra-contractual
claims.  We are confident Judge Cox will
set aside his ruling denying relators= motion to abate.  Our writ of mandamus will issue only in the
event he fails to comply.           

 

PER CURIAM

 

Petition
Conditionally Granted and Memorandum Opinion filed April 27, 2006.

Panel consists of
Chief Justice Hedges, Justices Yates and Guzman.