

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00167-CR
_____

## IN RE: CHARLES EUGENE ORANGE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Charles Eugene Orange has petitioned this Court for a writ of mandamus, making a request that the trial court be directed to vacate an order previously entered. We find Orange has an adequate remedy by appeal and therefore deny his request.

Orange was convicted by a jury of one count of indecency with a child in June 2008. From the record before us, it appears Orange initially declared his wish to commence serving community supervision and apparently waived his right to an appeal. However, on or about September 8, 2008, after a duly filed motion for new trial, Orange filed a notice of appeal with this Court (see *Orange v. State*, cause number 06-08-00193-CR). However, the record furnished to us is unclear whether the trial court ever adequately assessed an appeal bond. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04 (Vernon 2006).

We have been provided with a July 17, 2008, order titled "Pre-Trial Release Bond." On July 20, 2009, the State filed a motion to revoke or increase the amount of Orange's bond. After a hearing on that motion, the trial court decreed Orange could post a bond of $50,000.00 (the previous "bond" had been $25,000.00) and placed conditions on his conduct or, alternatively, Orange could begin serving the terms of his community supervision.

It is this recent order from the trial court from which Orange seeks mandamus relief. Orange, admitting that the situation is unusual, has also filed an appeal from the trial court's order raising his "appeal bond" amount and imposing conditions for his conduct during appeal.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985).

The Texas Code of Criminal Procedure provides:

> After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 44.04(d). Further, the Code allows a trial court to "impose reasonable conditions on bail pending the finality of his conviction." TEX. CODE CRIM. PROC. ANN. art. 44.04(c). Finally, and dispositive to the instant petition for mandamus relief, Article 44.04(g) provides, "The right of appeal to the Court of Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the appellate court." TEX. CODE CRIM. PROC. ANN. art 44.04(g).

3

Because Orange has at least one adequate remedy (appeal of the trial court order) other than mandamus, we deny his request for mandamus relief.

Bailey C. Moseley
Justice

Date Submitted:     September 23, 2009
Date Decided:       September 24, 2009

Do Not Publish

4