Petition for Writ of Mandamus Denied and
Memorandum Opinion filed January 6, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01236-CV



In Re Daniel Gawlikowski,
Relator



 



ORIGINAL PROCEEDING



WRIT OF MANDAMUS

Trial Court No.
2010-68903

295th
District Court

Harris County,
Texas

 



MEMORANDUM
 OPINION

On December 20, 2010, relator Daniel Gawlikowski
filed a petition for writ of mandamus in this court.  See Tex. Gov’t
Code Ann. §22.221; see also Tex. R. App. P. 52. In the petition, relator
asks this court to compel the Honorable Caroline Baker, presiding judge of the 295th
District Court of Harris County, to vacate her order granting the real party in
interest’s plea in abatement.

Relator Gawlikowski and his ex-wife, Brandi Sikes,
are involved in a suit to modify custody of their child in cause number
2003-67714 pending in the 247th District Court in Harris County.  The real
party in interest, Wendy Burgower, was appointed as the amicus attorney to
represent the interests of the child.  Subsequently, Gawlikowski filed suit in
cause number 2010-68903, against Burgower alleging that Burgower violated
several disciplinary rules in her representation in the custody suit.

Burgower answered the suit asserting that she is
immune from suit for her actions as an amicus, but acknowledging that immunity
would not apply to any actions taken with malice.  See Tex. Fam. Code
Ann. § 107.009(a) (“A guardian ad litem, an attorney ad litem, or an amicus
attorney appointed under this chapter is not liable for civil damages arising
from an action taken, a recommendation made, or an opinion given in the
capacity of guardian ad litem, attorney ad litem, or amicus attorney.”).  Subsection
(b) of section 107.009 states that subsection (a) does not apply to an action
taken with conscious indifference or reckless disregard to the safety of
another, in bad faith or with malice, or that is grossly negligent or wilfully
wrongful.  Id.  Burgower also filed a plea in abatement in the
underlying suit requesting that the suit be abated until the custody matter is
concluded.  

At the hearing on Burgower’s plea, Gawlikowski argued
that Burgower had not met her burden of showing that the custody case had
dominant jurisdiction.  Burgower’s plea, however, is not based on dominant
jurisdiction.  The court determined that if Gawlikowski’s suit was permitted to
go forward, potential conflicts could arise with regard to the custody matter. 
For example, Gawlikowski filed a motion to recuse Burgower in the custody
matter.  If both suits were permitted to go forward at the same time, the
family court’s ruling on the motion to recuse could have an impact on
Gawlikowski’s suit against Burgower.  For that reason, the trial court issued
an order abating the proceedings in the suit against Burgower until such time
as the custody matter is completed.  Gawlikowski filed this petition for writ
of mandamus contending the trial court abused its discretion by granting the plea
in abatement. 

Mandamus will not issue when the relator has an
adequate remedy at law because mandamus is an extraordinary remedy available
only in limited circumstances.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  Generally, mandamus is not available to control the incidental
rulings of a trial court, such as rulings on pleas in abatement.  Abor v.
Black, 695 S.W.2d 564, 566–67 (Tex. 1985); Texas Commerce Bank, N.A. v.
Prohl, 824 S.W.2d 228, 229 (Tex. App.—San Antonio 1992, orig. proceeding).  Remedy
by mandamus is available to resolve a conflict in jurisdiction between courts
of coordinate jurisdiction only when the trial court first taking jurisdiction
has been stopped from proceeding (e.g. when the second court enjoins the
parties from taking any more action in the first court).  Abor v. Black,
695 S.W.2d at 567.  In this case, Gawlikowski has an adequate remedy at law. 
The underlying suit can be tried after the custody suit is concluded.  The
trial court’s order does not prohibit another court from proceeding; therefore,
mandamus is not an appropriate remedy.  See id.  

Gawlikowski has not established entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny Gawlikowski’s
petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown.