

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00347-CV

_____

TEXAS EQUAL ACCESS FUND, Appellant

V.

ASHLEY MAXWELL, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 22-2100-431

Concurring Memorandum Opinion by Justice Birdwell

**CONCURRING MEMORANDUM OPINION**

Although I join the majority opinion without reservation, I write separately to emphasize that the private civil cause of action created by the Texas Heartbeat Act, Tex. Health & Safety Code Ann. §§ 171.201–.212, mirrors in many respects the private civil cause of action created by the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001–.012, which was the underlying cause of action in *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985) (orig. proceeding), the dispositive authority for the majority opinion.

In 2003, the Legislature amended the Wrongful Death Act to expand the definition of actionable deaths to those of unborn children. Act of June 20, 2003, 78th Leg., R.S., ch. 822, §§ 1.01–.02, 2003 Tex. Gen. Laws 2607, 2608 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001, .003); *see Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 96–97 (Tex. 2004) (acknowledging 2003 amendments). "Not only did the Legislature expand the term 'individual' to include 'an unborn child at every stage of gestation from fertilization until birth,' it also correspondingly expanded the term 'death' to include the failure of an unborn child 'to be born alive.'" *T.L. v. Cook Children's Med. Ctr.*, 607 S.W.3d 9, 67 (Tex. App.—Fort Worth 2020, pet. denied) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 71.001(3) ("Death"), § 71.001(4) ("Individual")). Though it expanded the Wrongful Death Act to include the death of an unborn child, the Legislature nevertheless exempted from civil liability such a death arising from a lawful medical or health care procedure or the lawful

dispensation or administration of a drug. Tex. Civ. Prac. & Rem. Code Ann. § 71.003(c)(2)–(4); *see Reese*, 148 S.W.3d at 97 (discussing statutory exemptions).

By rendering unlawful any abortion performed or prescribed by a physician or health care provider absent medical confirmation of the absence of a fetal heartbeat, the Heartbeat Act clearly narrows the availability of the lawful medicine exemptions of the Wrongful Death Act in instances of fetal demise. Although they provide different remedies, the nature of the remedies created is virtually identical. Under the circumstances, it is unlikely that the rule in *Abor* would apply solely to the wrongful death cause of action.[1]

For this reason, I join and concur in the majority opinion.

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered: February 29, 2024

---

[1]Given that the vast majority of states have long recognized a wrongful death cause of action for the death of a viable fetus, the authority of the states to create such a remedy within the pre-*Dobbs* viability regime appears unquestioned. *See Castro v. Melchor*, 414 P.3d 53, 84 (Haw. 2018) ("[F]orty-one states and the District of Columbia now permit wrongful death actions to be brought on behalf of stillborn formerly viable fetuses."); *Krishnan v. Sepulveda*, 916 S.W.2d 478, 480–81 (Tex. 1995) ("[A]pproximately thirty-six states and the District of Columbia recognize a wrongful death cause of action for the loss of a viable fetus." (footnote omitted)). We need not speculate whether the demise of the viability regime post-*Dobbs* extends such authority, or how far, to conclude that the nature of the cause of action created by the Heartbeat Act supports the application of the rule of *Abor*. *But cf. Connor v. Monkem Co.*, 898 S.W.2d 89, 90–94 (Mo. 1995) (interpreting Missouri wrongful death statute to authorize a parental cause of action against a third party for the death of a non-viable fetus *in utero* based upon stated legislative interest in protecting unborn life from conception through live birth).