



## OPINION

No. 04-10-00748-CV

**IN RE CORONADO ENERGY E&P CO., L.L.C.**

Original Mandamus Proceeding[1]

Opinion by:   Steven C. Hilbig, Justice

Sitting:       Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  March 30, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Coronado Energy E&P Co., L.L.C. seeks mandamus relief from the Starr County trial court's denial of a plea in abatement. Coronado contends the Brooks County court has dominant jurisdiction over the Starr County suit because at the time the lawsuit was filed a suit was pending in Brooks County that was filed by real party in interest McGill Ranch Ltd. and involves the same parties and subject matter. We agree and conclude the trial court erred in failing to grant the plea in abatement.

---

[1] This proceeding arises out of Cause No. DC-10-55, styled *McGill Ranch, Ltd. v. Coronado Energy E&P Co., L.L.C.*, pending in the 381st Judicial District Court, Starr County, Texas, the Honorable Jose Luis Garza presiding.

## BACKGROUND

The Encinitos Ranch is comprised of more than 38,000 contiguous acres that extend through Starr, Hidalgo, Jim Hogg, and Brooks Counties. McGill Ranch, Ltd. is a partnership that owns a substantial portion of the surface estate of the ranch and manages the ranch.

In 2007, a suit was filed in Brooks County by McGill Ranch, Ltd., the Encinitos Ranch, and members of the McGill family, acting individually and on behalf of five different trusts and one estate, ("plaintiffs") against numerous defendants, including Coronado and ExxonMobil.[2] In the Second Amended Petition, filed on May 9, 2008, plaintiffs contend:

> Generally speaking, this action is brought to recover damages for physical harm done to the land, to enjoin the defendants from further damaging the property, to enjoin further trespasses, to recover damages for trespass, to require lessees to implement reasonable and prudent programs, policies and procedures to safeguard and protect the property from any future damage, contamination or harm . . . .

Plaintiffs assert claims for property damage, trespass to the property that arises from the contamination, pollution, and improper abandonment of oil field production facilities, equipment and infrastructure, negligence, and various breaches of the lease agreements. Additionally, plaintiffs assert claims for negligence, gross negligence, and breach of contract against the ExxonMobil defendants and another defendant in connection with a large fire that occurred on March 18, 2008 that allegedly resulted from poorly maintained power lines.

In 2010, a second suit was filed in Starr County by McGill Ranch, Ltd. against only Coronado Energy E&P Co., L.L.C. Plaintiffs assert in their Original Petition as follows:

> Pursuant to [the "Exploitation Agreement,"] Coronado prepared a road and location to drill its McGill Bros. Well No. 617 on the Encinitos Ranch in Starr County, Texas. Coronado severely damaged the land, devalued it, and destroyed native trees and brush and the sensitive wildlife habitat. Coronado . . . damaged the

---

[2] *Encinitos Ranch, et al. v. Exxon Mobil Corp., et al.*, No. 07-12-14420-CV (79th Dist. Ct., Brooks County, Tex.).

land and has been invoiced for the damages but has not paid for the damages.

This damage allegedly occurred in April of 2008.

After filing an answer in the Starr County suit, Coronado moved to abate the Starr County suit, asserting the Brooks County court has dominant jurisdiction because the Brooks County suit was filed first and involved the same parties and claims. Following a hearing, the trial court denied Coronado's plea in abatement. This petition for writ of mandamus ensued.

## ANALYSIS

### I.      Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Id.*

### II.      Dominant Jurisdiction

As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001); *In re Sims*, 88 S.W.3d 297, 303 (Tex. App.—San Antonio 2002, orig. proceeding). The Supreme Court emphasized that "[i]t has long been the policy of the courts and the legislature of this state to avoid a multiplicity of lawsuits. The need for

judicial economy has recently become more acute because the dockets of our trial courts are overburdened, and litigants must wait far too long for their cases to be heard." *Wyatt*, 760 S.W.2d at 246-47.

In order to determine whether dominant jurisdiction exists, we must analyze whether there is an inherent interrelation of the subject matter between the two pending lawsuits. *Id.* at 247. It is not required that the precise issues and all of the parties be included in the first suit before the second suit is filed, provided that the claims in the first suit can be amended to bring in all of the necessary and proper parties and claims. *Id.* Therefore, in order for Coronado to have succeeded on its plea in abatement, it had to establish that (1) the Brooks County suit commenced first; (2) the Brooks County suit is still pending; (3) the Brooks County suit could be amended to include all of the parties; and (4) the controversies are the same or the Brooks County suit could be amended to include all of the claims. *See id.*; *In re Sims*, 88 S.W.3d at 303.

McGill Ranch does not dispute that the first three requirements have been met. Instead, McGill Ranch's sole contention is that the controversies are not the same in the two cases. McGill Ranch argues that because the April 2008 damage at the well located on the ranch in Starr County had not yet occurred when the Brooks County suit was filed, the Starr County suit involves a discrete injury that is not the same as the controversy in the Brooks County suit. McGill Ranch offers no other explanation as to why the injury is discrete. In addition, McGill Ranch fails to explain why the Brooks County suit could not be amended to include the claims made in the Starr County suit. Pleadings can be amended to include subsequent claims; in fact, as previously noted, McGill Ranch and the other plaintiffs amended the Brooks County suit to include claims for damages from a 2008 fire—a fire that occurred after the Brooks County suit was originally filed in 2007.

Here, based on the pleadings in both suits, there is an inherent interrelation of the subject matter between the two pending suits, and the Brooks County suit could be amended to include the claims in the Starr County suit. *See Wyatt*, 760 S.W.2d at 247. McGill Ranch's Second Amended Petition in the Brooks County suit provides that "[g]enerally speaking, this action is brought to recover damages for physical harm done to the land . . . ." Likewise, the petition in the Starr County suit claims that Coronado damaged the land. Both suits at least in part are based on damage to the ranch property. We are unaware of any reason why McGill Ranch could not amend its claims in the Brooks County suit to incorporate the claims in the Starr County suit. As a result of the foregoing, we conclude the Brooks County court has dominant jurisdiction over the Starr County suit. In order to avoid the multiplicity of suits and the waste of judicial resources the Supreme Court cautioned against in *Wyatt*, we conclude the trial court erred in not granting the motion to abate of the Starr County suit to Brooks County. *See id.* at 246-47.

## III.    Adequate Remedy by Appeal

For the reasons stated in *In re ExxonMobil Production Co.*, No. 04-10-00766-CV (Tex. App.—San Antonio Mar. 23, 2011, orig. proceeding), *available at* http://www.4thcoa.courts.state.tx.us/opinions/docket.asp?FullDate=20110323, we conclude Coronado lacks an adequate remedy by appeal. Therefore, mandamus relief is appropriate in this case.

## IV.    Waiver

Finally, McGill Ranch contends Coronado waived its right to mandamus relief by waiting four months from the time the trial court denied the plea in abatement before filing its petition for writ of mandamus in this court. When analyzing whether a relator's delay in filing a mandamus prevents the writ from being issued, the Texas Supreme Court has held that

"[a]lthough mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). In determining if a relator's delay prevents the issuance of the writ, courts have analogized to the doctrine of laches. *See In re Northern*, 327 S.W.3d 181, 188 (Tex. App.—San Antonio 2010, orig. proceeding [mand. denied]); *In re Hinterlong*, 109 S.W.3d 611, 620 (Tex. App.—Fort Worth 2003, orig. proceeding); *Sanchez v. Hester*, 911 S.W.2d 173, 177 (Tex. App.—Corpus Christi 1995, orig. proceeding). A party asserting the defense of laches must show: (1) unreasonable delay by the other party in asserting its rights, and (2) harm resulting to the party as a result of the delay. *See Hamel*, 180 S.W.3d 226, 230 (Tex. App.—San Antonio 2005, orig. proceeding); *In re Bahn*, 13 S.W.3d 865, 871 (Tex. App.—Fort Worth 2000, orig. proceeding). However, McGill Ranch fails to discuss how it was harmed as a result of any delay. *Id.* As a result, we need not reach McGill Ranch's argument that Coronado unreasonably delayed in filing the petition for writ of mandamus. Accordingly, we conclude McGill Ranch failed to establish Coronado waived its right to mandamus relief.

## CONCLUSION

We conclude the trial court abused its discretion in denying Coronado's plea in abatement. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to (1) vacate the June 21, 2010 order denying Coronado's plea in abatement, and (2) enter an order granting Coronado's plea in abatement. The writ will issue only if the trial court fails to comply within fourteen days.

Steven C. Hilbig, Justice