

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00126-CV
_____


### IN RE:   SCOTT D. MARTIN


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Scott D. Martin (Scott) seeks mandamus relief from this Court, arguing to us that the trial court has erroneously refused to either abate or dismiss a suit in Gregg County which Scott contends is inherently interrelated to a suit previously filed by him in Harris County. We deny relief.

**Procedural History**

This application for mandamus relief represents only one battle in the power struggle war between Scott and his brother, Ruben Martin (Ruben), involving their family's company, Martin Resource Management Corporation (M.R.M.C.) and other related persons. *See, e.g., In re Brown*, 06-10-00108-CV, 2010 Tex. App. LEXIS 9421 (Tex. App.—Texarkana Nov. 30, 2010, orig. proceeding) (mem. op.).[1] M.R.M.C. was founded by the brothers' father, shares of which were apparently issued to various family members or to trusts for their benefit. In September 2008, Scott filed suit in Harris County against M.R.M.C., Ruben, and several other individuals, wherein he alleged that Ruben and some of the other defendants wrongfully issued shares in M.R.M.C. with the aim of increasing the holdings and voting power of these parties, to the detriment of Scott and others. That chapter in the war was followed in May 2010, when M.R.M.C. filed suit against Scott in Gregg County, claiming that Scott had engaged in various conduct which interfered with M.R.M.C.'s contract to refinance existing indebtedness. The allegations were founded on Scott's

---

[1]At this writing, there are also two other pending appeals before this Court, *Scott Martin v. Martin Resource Management Corp.*, bearing this Court's cause number 06-11-00125-CV; and another case bearing the same style, numbered 06-10-00005-CV. *See also Martin v. Martin*, 326 S.W.3d 741 (Tex. App.—Texarkana 2010, pet. ref'd).

2

act of filing the Harris County lawsuit and upon allegations that Scott had committed slander by issuing disparaging statements regarding M.R.M.C. and its management. M.R.M.C. subsequently abandoned all causes of action in that lawsuit except for a claim of a breach of fiduciary duty. Part of the alleged breach of fiduciary duty was Scott's filing of the Harris County lawsuit; M.R.M.C.'s petition claimed that the filing of the Harris County suit was prompted by an intention on Scott's part to interfere with a specific business project which was being pursued by M.R.M.C. at the time the suit was filed.

In the fall of 2010, Scott filed a plea in abatement in the Gregg County suit, seeking to have that trial court abate its proceedings in favor of the proceeding in Harris County. The trial court denied that plea, and we denied Scott's petition for writ of mandamus to compel the Gregg County court to abate. *Id.* In denying mandamus relief, we pointed out the record did not indicate any interference by the Gregg County trial court on the actions of the Harris County trial court; thus, we found the relators had an adequate remedy by appeal.

In November 2011, Scott re-urged his plea for abatement or dismissal to the trial court, which denied the motion once again. Scott now seeks mandamus relief from this Court, claiming that the Gregg County trial court has interfered with the Harris County court's suit and requesting us to mandamus the Gregg County court to abate its case.

3

**Standard for Mandamus Relief**

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *In re Ford Motor Co*., 988 S.W.2d 714, 725 (Tex. 1998) (orig. proceeding) (citing *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)). "Absent extraordinary circumstances not present here, a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will *not* be corrected by mandamus, but by the legal remedy of the ordinary appellate process." *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding) (citing *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985) ("This court has consistently held that it lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal," including inter alia, pleas in abatement.)).

**The Present Case**

Scott has presented this Court with nothing to show the matter in the Gregg County lawsuit before the trial court is any different than it was a year ago.

> The two suits are related in that they both involve MRMC and the two major shareholders, Scott and Ruben. But the basic dispute in the Harris County case is that MRMC and Ruben improperly issued additional shares of stock in MRMC, resulting in damage to Scott, whereas the Gregg County case alleges that Scott's actions, including filing the Harris County suit and making disparaging statements, interfered with MRMC's business relationship and damaged the company.

*Brown*, 2010 Tex. App. LEXIS 9421, at \*\*4–5. In the previous incarnation of this request for mandamus, we went on to reiterate that even if controversies in two separate legal actions are

4

interwoven, mandamus was not the proper remedy where the second suit did not "interfere with the exercise of jurisdiction to decide the ultimate issues in the first suit." *Id.* at *5 (citing *Morris v. Legatt*, 877 S.W.2d 899, 901 (Tex. App.—Texarkana 1994, orig. proceeding)). Scott directs us to the trial court's issuance of a temporary injunction, which enjoined Scott (or any party acting on his behalf) from taking any action to prevent M.R.M.C.'s prosecution of the Gregg County case, to prevent M.R.M.C. from participating in the Gregg County trial, or interfering with the Gregg County trial. We point out the trial court's injunction cited Scott's attempts to have the Harris County court enjoin M.R.M.C. from proceeding with the Gregg County case,[2] and the Gregg County trial court's specific finding that the Harris County trial court did not have dominant jurisdiction over the issues pending in the Gregg County trial court.[3]

We do not find the trial court's injunction against Scott amounted to interference on the part of that trial court with the Harris County trial court's proceedings.

We further do not find the Gregg County trial court could have reached only one conclusion as to the issue of whether the two suits are inherently interrelated. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988) (plea in abatement in second-filed suit must be granted where inherent interrelation exists between two cases; exact issues and all parties need not be included in first action before second is filed if claim in first suit can be amended to bring in all necessary and proper parties and issues; rules of compulsory counterclaims and joinder of parties

---

[2]The Harris County court denied Scott's request for a temporary injunction.

[3]The trial court's injunction is the subject of a separate appeal before this Court in cause number 06-11-00125-CV.

5

to guide determination of presence of inherent interrelation). Despite M.R.M.C.'s having abandoned some of its causes of action, its last-filed petition alleged several acts which occurred subsequent to the filing of the Harris County suit as grounds for M.R.M.C.'s contention of breach of fiduciary duty. However, aside from his arguments that M.R.M.C.'s cause of action was a compulsory counterclaim,[4] Scott offers nothing upon which he seeks relief but a conclusory assertion the suits are inherently interrelated. As we said in our 2010 opinion, the two cases are related. However, the interrelation of the two lawsuits is not such that would mandate they be tried together; as we also pointed out above, there are several allegations in M.R.M.C.'s petition which post-date the filing of the Harris County suit.

**No Compulsory Counterclaim**

Scott complains of the trial court's conclusion that M.R.M.C.'s petition did not allege a compulsory counterclaim against Scott.[5] Based on the parties' pleadings and the record supplied us, we do not find the trial court erred in its conclusion. First, it has not been demonstrated that M.R.M.C.'s cause of action (alleging Scott breached his fiduciary duty to M.R.M.C.) was mature at the time that M.R.M.C. filed its answer to Scott's suit. For example, M.R.M.C. alleges several acts subsequent to Scott's suit which it alleges amount to breaches of fiduciary duty, citing

---

[4]Which is not itself determinative of an inherent interrelation between suits. *See Wyatt*, 760 S.W.2d 245.

[5]"[A] counterclaim is compulsory only if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the claim is mature and owned by the defendant at the time of filing the answer; (4) it arose out of the same transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require the presence of third parties over whom the court cannot acquire jurisdiction." *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999); *see* TEX. R. CIV. P. 97(a).

several actions taken by Scott throughout 2009 and 2010. While it is true that Scott's earlier-filed suit in Harris County is part of M.R.M.C.'s allegation, it is not the sole basis of its claim. Thus, we cannot say with certainty that Scott has demonstrated the maturity of M.R.M.C.'s claim at the time it filed its response to the Harris County lawsuit.

Similarly, we cannot conclude that M.R.M.C.'s action arose solely out of the occurrence or transaction which is the subject of Scott's suit. Again, M.R.M.C.'s suit alleged several other instances of conduct on the part of Scott other than filing of the Harris County lawsuit. To the extent that the two lawsuits are related, it has not been demonstrated that M.R.M.C.'s suit came out of the same events comprising Scott's claim for relief in the Harris County lawsuit.

In sum, the record does not establish M.R.M.C.'s action as a compulsory counterclaim to Scott's suit; the trial court did not clearly err in rejecting Scott's argument.

Having found the two suits are not inherently interrelated, the Gregg County court has neither acted to interfere with the jurisdiction or actions of the Harris County court, nor is M.R.M.C.'s cause of action a compulsory counterclaim to Scott's suit. Accordingly, we find Scott has not shown himself entitled to the requested relief. *See Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

7

We deny his petition.

Bailey C. Moseley
Justice

Date Submitted:      January 12, 2012
Date Decided:        January 12, 2012