

# NUMBER 13-15-00056-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ANDREW VANBLARCUM AND JAMES VANBLARCUM

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus, relators Andrew VanBlarcum and James VanBlarcum seek to compel the Honorable David Stith, Presiding Judge of the 319th District Court of Nueces County, Texas, to withdraw his order denying their plea in abatement.

### I. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

no adequate remedy at law. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)*; Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *Id.*; *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. The second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition" and is decided on a case-by-case basis. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

Generally, the disposition of a plea in abatement is an incidental ruling which ordinarily does not support mandamus relief. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (original proceeding) (per curiam); *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985). However, when a court issues an "order which actively interferes with the exercise of jurisdiction" by a court possessing dominant jurisdiction, mandamus relief is appropriate. *In re Puig*, 351 S.W.3d at 306; *see Perry v. Del Rio*, 66 S.W.3d 239, 258 (Tex. 2001); *Abor*, 695 S.W.2d at 567; *Curtis v. Gibbs*, 511 S.W.2d 263, 266–68 (Tex. 1974) (orig. proceeding). Further, mandamus relief may be available when a trial court refuses to abate based on the pendency of another action. *See In re ExxonMobil Prod. Co.*, 340

2

S.W.3d 852, 857 (Tex. App.—San Antonio 2011, orig. proceeding [mand. denied]); *see also In re Truck Ins. Exch.*, No. 12-12-00183-CV, 2013 WL 1760793, at *2 (Tex. App.—Tyler Apr. 24, 2013, orig. proceeding) (mem. op.).

## II. PLEA IN ABATEMENT

The proper method to assert a court's lack of dominant jurisdiction is to file a plea in abatement. *In re Puig*, 351 S.W.3d at 303; *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex. 1988). The party seeking abatement has the burden of proof to establish the allegations in its motion to abate. *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex. 1966); *S. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 469 (Tex. App.—Corpus Christi 2000, no pet.) (op. on reh'g); *Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex. App.—Corpus Christi 1991, writ denied). We review the trial court's action in granting or denying a plea in abatement using an abuse of discretion standard. *Wyatt*, 760 S.W.2d at 248.

## III. DOMINANT JURISDICTION

Generally, when cases involving the same subject matter are brought in different courts in which venue would be proper, the court with the first-filed case has dominant jurisdiction and should proceed, and the other case should be abated. *Perry*, 66 S.W.3d at 252; *Wyatt*, 760 S.W.2d at 248; *In re Coronado Energy E&P Co., L.L.C.*, 341 S.W.3d 479, 481 (Tex. App.—San Antonio 2011, orig. proceeding); *Lee v. GST Transp. Sys.*, 334 S.W.3d 16, 18 (Tex. App.—Dallas 2008, pet. denied). The obvious reasons for abatement are conservation of judicial resources, avoidance of delay, and "comity, convenience, and the necessity for an orderly procedure in the trial of contested issues," or, in other words, to "prevent races from court to court by vigilant counsel." *Perry*, 66 S.W.3d at 252 (internal citations omitted). When a matter is filed in a court of competent

3

jurisdiction, that court's action is necessarily exclusive because it is impossible for two courts to make a final determination regarding the same controversy between the same parties at the same time. *Id.* Moreover, the first-filed rule evokes concepts of fairness—in a race to the courthouse, the winner's suit should have dominant jurisdiction. *Id.*

To succeed on a motion to abate in a second-filed suit to allow a court with dominant jurisdiction to proceed, a movant must establish: (1) a suit in another court was commenced first; (2) the first-filed suit remains pending; (3) the first-filed suit does include, or could be amended to include, all of the parties; and (4) the controversies are the same or the first-filed suit could be amended to include all of the claims. *Wyatt*, 760 S.W.2d at 247; *In re ExxonMobil Prod. Co.*, 340 S.W.3d at 856. In *Wyatt*, the Texas Supreme Court recognized three exceptions to the "first-filed" rule of dominant jurisdiction: (1) an inability to bring all parties before the court in the first suit; (2) a lack of intent to diligently prosecute the first-filed suit; and (3) conduct by a party that estops it from asserting prior active jurisdiction. *Wyatt*, 760 S.W.2d at 248.

A trial court abuses its discretion when it refuses to grant a plea in abatement when abatement is mandatory, that is, "when there exists a complete identity of parties and controversies between it and an earlier suit." *Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 26 (Tex. 2008) (internal quotations omitted); *see Dolenz v. Continental Nat'l Bank of Fort Worth*, 620 S.W.2d 572, 575 (Tex. 1981); *Curtis*, 511 S.W.2d at 266–68. In contrast, the granting of a plea of abatement in a later-filed suit is discretionary when there is a lack of identity between the causes. *Coastal Oil & Gas Corp.*, 268 S.W.3d at 26; *Dolenz*, 620 S.W.2d at 575; *In re Martin*, 358 S.W.3d 767, 770–71 (Tex. App.—Texarkana 2012, orig. proceeding). When there is a lack of identity, a court may abate an action for reasons of comity, convenience and orderly procedure,

4

looking to the practical results to be obtained, dictated by a consideration of the inherent interrelation of the subject matter of the two suits. *Coastal Oil & Gas Corp.*, 268 S.W.3d at 26, *Wyatt*, 760 S.W.2d at 247–48; *Dolenz*, 620 S.W.2d at 575; *see also Timon v. Dolan*, 244 S.W.2d 985, 987 (Tex. Civ. App.—San Antonio 1951, no writ). In such instances, it is "not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt*, 760 S.W.2d at 247. "In determining whether an inherent interrelationship exists, courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule." *Id.* These are "matters committed to the sound discretion of the trial court." *Coastal Oil & Gas Corp.*, 268 S.W.3d at 26; *see Dolenz*, 620 S.W.2d at 575.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, letter briefs, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. *See Coastal Oil & Gas Corp.*, 268 S.W.3d at 26, *Wyatt*, 760 S.W.2d at 247–48; *Dolenz*, 620 S.W.2d at 575; *In re Martin*, 358 S.W.3d at 770–71. Accordingly, we LIFT the stay previously imposed by this Court. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We DENY the petition for writ of mandamus. *See id.* 52.8(a). The "Motion for Clarification of Order Granting Stay, Alternatively, Motion to Stay San Patricio Suit" filed by real party in interest Nexus Integrity Management, LLC is DISMISSED as moot.

PER CURIAM

Delivered and filed the
22nd day of April, 2015.