Opinion by: Irene Rios, Justice
Relators William Forney, Jr. ("Forney, Jr."), William Forney, III ("Forney III"), John M. Forney ("JM Forney"), Ricky Haikin, and Larry Wyont filed a petition for writ of mandamus complaining about the trial court's denial of their pleas in abatement in a suit filed by McCombs Energy, Ltd. and McCombs Energy GP, LLC. (collectively, "McCombs Energy"). We deny relators' petition.
BACKGROUND
On March 10, 2017, Forney, Jr., Forney III, JM Forney, and Haikin sued McCombs Energy in a Harris County district court. McCombs Energy answered and filed counter-claims. On March 29, 2017, McCombs Energy sued those individuals, along with Wyont, Forney, Jr.'s two brothers, and three business entities, in a Bexar County district court.
Relators and others filed motions to transfer venue of the Bexar County case to Harris County. Alternatively, relators also filed pleas in abatement asking the Bexar County court to abate that suit in favor of the Harris County court's dominant jurisdiction. Following a hearing, the Bexar County court denied the motions to transfer venue and pleas in abatement. In this proceeding, relators complain only about the denial of the pleas in abatement.
STANDARD OF REVIEW
To obtain mandamus relief, a relator generally must show both the trial court clearly abused its discretion and relator has no adequate remedy by appeal. In re Prudential Ins. Co. of Am. , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); Walker v. Packer , 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).
DOMINANT JURISDICTION
Relators argue the trial court abused its discretion by denying their pleas in abatement because the Harris County court has dominant jurisdiction over the Bexar County suit. As a general *148 rule, "where inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant jurisdiction ... [and] the court in the second action must abate the suit," unless an exception applies. In re Red Dot Bldg. Sys., Inc. , 504 S.W.3d 320, 322 (Tex. 2016) (per curiam) (orig. proceeding) (emphasis in original). "[I]f the court in the second action abuses its discretion by not abating the action, no additional showing is required for mandamus relief." Id. at 322 ; see also In re J.B. Hunt Transp., Inc. , 492 S.W.3d 287, 299-300 (Tex. 2016) (orig. proceeding) ("[A] relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case.").
In this proceeding, the parties dispute whether the two lawsuits are inherently interrelated.
Inherent Relationship
In determining whether the subject matter of two suits is inherently interrelated, we are "guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule." Wyatt v. Shaw Plumbing Co. , 760 S.W.2d 245, 247 (Tex. 1988). The compulsory counterclaim rule, found in Texas Rule of Civil Procedure 97, provides as follows:
A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction[.]
TEX. R. CIV. P. 97(a). "[A] counterclaim is compulsory if, in addition to Rule 97(a) 's other requirements, it was not the subject of a pending action when the original suit was commenced." J.B. Hunt Transp. , 492 S.W.3d at 293. Rule 39(a) regarding parties provides that
[a] person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.
TEX. R. CIV. P. 39(a). "It is not required that the precise issues and all of the parties be included in the first suit before the second suit is filed, provided that the claims in the first suit can be amended to bring in all of the necessary and proper parties and the claims." In re ExxonMobil Prod. Co. , 340 S.W.3d 852, 856 (Tex. App.-San Antonio 2011, orig. proceeding). "[W]hen the subject matter of the two suits is inherently interrelated, and the first-filed suit can be amended to include all of the parties and issues present in the second, a plea in abatement in the second suit must be granted." In re Benavides , 04-14-00718-CV, 2014 WL 6979438, at *2 (Tex. App.-San Antonio Dec. 10, 2014, orig. proceeding) (mem. op.).
1. The Harris County Suit
In the Harris County lawsuit, Forney, Jr., Forney III, JM Forney, and Haikin, all former officers of McCombs Energy, *149 sued McCombs Energy for breach of contract and tortious interference with a contract. The first contract underlying this suit has its genesis in a contract entered into between Forney, Jr. and Red McCombs. This contract was memorialized in an "Asset Acquisition" Agreement and a "Joint Oil & Gas Venture" Agreement (together, the "Forney/McCombs Agreement"). Under the Forney/McCombs Agreement, Forney, Jr., as President of McCombs Energy, was entitled to receive a twenty percent "carried" equity interest in each project undertaken by McCombs Energy in any given year (an "annual program"), following a "program payout" on a program-by-program basis. In other words, after McCombs Energy recovered its administrative, overhead, and capital costs related to the acquisition of property and the drilling of wells in a particular year, Forney, Jr. received twenty percent carried interest for each acquired property and for each well undertaken during that year. Forney, Jr. was entitled to allocate portions of his twenty percent carried interest to key company management, which he did to Haikin, Forney III, JM Forney, Wyont, and others.
In 2015, Forney, Jr. and McCombs Energy signed a Carried Interest Agreement, which confirmed Forney, Jr.'s entitlement to the carried interest compensation originally reflected in the Forney/McCombs Agreement, and memorialized the long-standing agreement and practice of paying such compensation. This new agreement was made effective January 1, 1998, the effective date of the Forney/McCombs Agreement. The Carried Interest Agreement identified the persons to whom Forney, Jr. awarded parts of his carried interest and to whom carried interest payments had been made.
Another contract underlying the Harris County lawsuit memorialized McCombs Energy's long-standing practice of paying overriding royalty interests in various oil and gas wells to its employees, including relators. In 2015, the practice was memorialized in an Employees Overriding Royalty Pool Agreement, which defined the rights and obligations of McCombs Energy and its employees to whom overriding royalty compensation was paid. This agreement was dated effective January 1, 1998.
In January 2017, after relators' employment relationship with McCombs Energy ended, relators allege McCombs Energy stopped paying the carried interest and the overriding royalty interest compensation. In their petition, Forney, Jr., Forney III, JM Forney, and Haikin seek to recover the carried interest and overriding royalty interest compensation which they allege they have not been paid since January 2017, as well as payment of such compensation in the future. Specifically, they allege McCombs Energy (1) breached the Carried Interest Agreement and the Employee Overriding Royalty Pool Agreement, and (2) tortiously interfered with the 1998 Forney/McCombs Agreement. Relator Wyont and Forney, Jr.'s brothers, also former officers and/or employees of McCombs Energy, intervened in the suit seeking the same compensation.
On April 10, 2017, McCombs Energy filed in the Harris County suit an original answer and counterclaims. McCombs Energy alleges relators Forney, Jr., Forney III, JM Forney, and Haikin (1) breached their fiduciary duties to McCombs Energy "by granting themselves carried interests and overriding royalty interests," (2) conspired with each other to misappropriate McCombs Energy's profits from its oil and gas interests, (3) committed fraud by intentionally not disclosing they had granted themselves the carried interests and overriding interests, and (4) provided false information to McCombs Energy regarding *150 the financial transactions. McCombs Energy sought disgorgement of the amount the Harris County plaintiffs gained from the carried interests and overriding royalty interests and exemplary damages.
2. The Bexar County Suit
On March 29, 2017, McCombs Energy filed suit in Bexar County against the same individuals who are plaintiffs or intervenors in the Harris County suit. In addition, McCombs Energy also sued three companies, F4 Resources, L.P.; F4 Resources GP, LLC; and McCombs GHI, LLC, which are Harris County companies formed by some or all of the Forney relators during the course of their employment with McCombs Energy.
McCombs Energy alleges the individual defendants breached their fiduciary duties to McCombs Energy by using corporate resources, misappropriating trade secrets, and using and disclosing confidential and proprietary information in the formation of F4 Resources. McCombs Energy alleges the defendants diverted business opportunities from McCombs Energy to F4 Resources. McCombs Energy also alleges the individual defendants breached their fiduciary duties by usurping a business opportunity to invest in a company called GHI Energy, which led to the formation of McCombs GHI, LLC. McCombs Energy alleges it should have owned 100% of McCombs GHI, but the individual defendants breached their fiduciary duties by diverting fifty percent of "this lucrative opportunity" to themselves with the intention of reducing McCombs Energy's interest in the company after payout of the original investments. McCombs Energy alleges the defendants used McCombs Energy's offices, computer systems, and funds in connection with the formation of F4 Resources, McCombs GHI, and other entities. McCombs Energy further alleges the defendants "committed computer crimes" by accessing McCombs Energy's computer system without consent; downloading and removing proprietary information; and destroying data, documents, and electronic mail.
As damages, McCombs Energy sought a forfeiture and disgorgement of all sums the individual defendants received from McCombs Energy while breaching their fiduciary duties, a forfeiture of all profits and compensation the individual defendants received from the operation of F4 Resources, and economic damages in the form of lost profits and out-of-pocket losses from defendants' use of corporate resources to pay the formation and operation expenses of McCombs GHI. Additionally, McCombs Energy sought the imposition of constructive trusts on compensation the individual defendants received from McCombs Energy while breaching their fiduciary duties, the defendants' interests in F4 Resources and all proceeds derived therefrom, the defendants' interests in McCombs GHI and all proceeds derived therefrom, and the funds held by McCombs GHI.
3. Analysis
Relators contend both suits are inherently interrelated because they arise out of the long-term employment relationship of the parties, during which all acts and omissions underlying both lawsuits allegedly took place. Relators assert nothing prevents McCombs Energy from raising its Bexar County allegations in the Harris County suit or adding F4 Resources and McCombs GHI to the Harris County suit. McCombs Energy argues the Bexar County suit and the Harris County suit are not inherently interrelated because they do not arise out of the same transaction or occurrence. See Wyatt , 760 S.W.2d at 247. We "apply a 'logical relationship' test to determine whether [two claims] arise out *151 of the same transaction or occurrence under [R]ule 97(a)." Hill v. Tx-An Anesthesia Mgmt., LLP , 443 S.W.3d 416, 427 (Tex. App.-Dallas 2014, no pet.). "The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims." Moore v. First Fin. Resolution Enterprises, Inc. , 277 S.W.3d 510, 516 (Tex. App.-Dallas 2009, no pet.).
In this case, the two suits are not inherently interrelated because they involve distinct disputes and the claims in the two suits are not based on the same essential facts. The Harris County suit involves a dispute between relators and McCombs Energy regarding relators' right to compensation under the Carried Interest Agreement and the Employee Overriding Royalty Pool Agreement, whereas the Bexar County suit involves a dispute between the parties regarding relators' alleged creation of a competing business and usurpation of a business opportunity. Although the two suits involve overlapping parties and the claims in both suits arise out of the prior employment relationship between relators and McCombs Energy, the subject matter of the two suits is not inherently interrelated. See In re Martin , 358 S.W.3d 767, 771 (Tex. App.-Texarkana 2012, orig. proceeding) (suits were not inherently interrelated where in first suit, shareholder sued company and other shareholders alleging they wrongfully issued shares to increase their voting power, and in second suit, company sued the shareholder claiming he breached his fiduciary to the company); Taiwan Shrimp Farm Vill. Ass'n, Inc. v. U.S.A. Shrimp Farm Dev., Inc. , 915 S.W.2d 61, 65-68 (Tex. App.-Corpus Christi-Edinburg 1996, writ denied) (suits were not inherently interrelated where the first suit was filed before the events comprising the subject matter of the second suit occurred and an amended complaint in the first suit did not address the subject matter of the second suit).
There is no issue or dispute that is common to both the Bexar County suit and the Harris County suit. Although McCombs Energy alleges in both suits that relators breached their fiduciary duties, the allegations relate to the distinct subject matter of each suit: the compensation agreements and the creation of other businesses. Thus, conducting separate trials would not involve a "substantial duplication of effort and time by the parties and courts." Cf. In re Second St. Properties LLC , No. 14-16-00390-CV, 2016 WL 7436649, at *4 (Tex. App.-Houston [14th Dist.] Dec. 22, 2016, orig. proceeding) (mem. op.) (concluding suits were inherently interrelated and noting separate trials would involve a substantial duplication of effort and time by the parties and courts).
Moreover, one could imagine a scenario in which McCombs Energy prevails in the Bexar County suit and relators prevail in Harris County. In this scenario, relators would forfeit all compensation they received while breaching their fiduciary duties during their employment with McCombs Energy, yet nonetheless be entitled to continue receiving payments under the Carried Interest Agreement and the Employee Overriding Royalty Pool Agreement. Thus, because the claims in each suit arise out of different alleged facts, a judgment in one suit would not foreclose the issues in the other suit. See Dolenz v. Cont'l Nat. Bank of Ft. Worth , 620 S.W.2d 572, 575 (Tex. 1981) (trial court did not abuse its discretion by denying a plea in abatement where a judgment in the first-filed suit would not have foreclosed all issues between the parties).
Because the allegations in the two lawsuits rely on distinct factual allegations, *152 there is no dispute common to both suits, and a judgment in one suit would not foreclose the issues in the other, the two suits do not arise out of the same transaction or occurrence. Therefore, we conclude the two lawsuits are not inherently interrelated, and thus Harris County does not have dominant jurisdiction over the claims filed in Bexar County.
CONCLUSION
We conclude relators have not demonstrated the trial court clearly abused its discretion. Accordingly, we deny the petition for writ of mandamus.