**AFFIRMED and Opinion Filed July 18, 2022**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00969-CV

## BRIGETTA D'OLIVIO A/K/A BRIGETTA ALIX ANDERSON, ALIX BRIGETTA, Appellant
## V.
## HILARY THOMPSON HUTSON, Appellee

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-04855-2019

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

In this appeal from a summary judgment, Brigetta D'Olivio a/k/a Brigetta Alix Anderson, Alix Brigetta ("D'Olivio") contends the trial court erred in granting judgment against her because (1) the trial court lacked subject matter jurisdiction, (2) she was not given sufficient notice of the summary judgment hearing under rule 166a(c), (3) the motion for no-evidence summary judgment was improper, and (4) there are genuine issues of material fact precluding summary judgment. We affirm the trial court's judgment.

## Background

The following facts relevant to the disposition of this appeal were conclusively established by the summary judgment evidence. Richard W. Thompson, Jr. ("Thompson") and his wife, Euvonne R. Thompson, purchased a home in Collin County, Texas in 1973 and declared it as their homestead. Euvonne passed away on December 24, 2007. At the time of Euvonne's death, she and Thompson had only two living children, both from their marriage – Richard W. Thompson III and Hilary Thompson Hutson. Richard Thompson III died in 2013.

On May 5, 2018, Thompson signed a deed without warranty conveying the homestead property to himself and Hutson as joint tenants with full right of survivorship. The deed reserved from the conveyance a homestead life estate in favor of Thompson. The conveyance explicitly included "all interest of [Thompson] except the reserved life estate." Thompson signed the deed before a notary public and filed it with the Collin County clerk's office.

A few months later, D'Olivio began claiming a romantic interest in Thompson. At the time, Thompson was 92 and D'Olivio was substantially younger. Concerned for her father, Hutson filed an application for appointment of a temporary guardian in the Collin County probate court.

On December 27, 2018, the probate court signed an order in which it stated there were "substantial concerns" that Thompson was incapacitated, and probable cause to believe that Thompson's person and estate were in imminent danger. The

court appointed Julie Reedy as Thompson's temporary guardian and granted her numerous powers including the power to (1) determine Thompson's marriages, (2) determine access to Thompson by third parties, including D'Olivio specifically, (3) take possession of all assets of whatever kind and nature in Thompson's estate, and (4) take any and all actions necessary to collect, preserve, and protect Thompson's estate.

According to D'Olivio, Thompson executed an affidavit in February 2019 stating the deed granting Hutson joint tenancy with right of survivorship in the homestead property was forged. Several months later, however, the probate court read an agreement into the record concerning Thompson's guardianship. The record shows that all parties, including Thompson and his counsel, agreed the May 2018 deed to Hutson was effective and Thompson possessed only a life estate in the homestead property as provided in section 102.005 of the Texas Estates Code.

Six weeks after the agreement was signed, D'Olivio claims she and Thompson were married. D'Olivio further asserts that, two weeks after they were purportedly married, Thompson signed a last will and testament bequeathing his entire estate, including all his real property, to her. Thompson was found dead the next day.

Following her father's death, Hutson immediately sent notice to D'Olivio instructing her to vacate the homestead property. When D'Olivio began claiming she had title to the property, Hutson brought this suit for trespass to try title. D'Olivio filed a general denial and motion to abate asserting the probate court had

–3–

exclusive jurisdiction over all matters relating to Thompson's estate. D'Olivio moved to transfer the case, and the probate court declined to accept the transfer. The trial court denied D'Olivio's motion to abate.

Hutson filed a motion for traditional and no-evidence summary judgment contending the evidence showed she had superior title to the homestead property as a matter of law and she was entitled to a forcible detainer eviction order. The no-evidence portion of the motion was directed solely at the issue of D'Olivio's ability to recover for any alleged improvements she made to the property. D'Olivio responded and filed numerous objections along with a motion for continuance.

The motion for summary judgment was not considered by the trial court until eight months later. On August 11, 2020, the court signed a final order and judgment stating that, even assuming D'Olivio was lawfully married to Thompson at the time of his death, Thompson's life estate in the homestead property expired when he died, and D'Olivio had no surviving right to the property. The court granted summary judgment on the trespass to try title claim, concluding the evidence showed Hutson had superior title as a matter of law. The court also granted the no-evidence motion stating D'Olivio could not recover for any improvements to the property. Finally, the court held Hutson was entitled to a forcible detainer eviction of D'Olivio. D'Olivio filed a motion to reconsider, set aside, and dismiss the judgment that was overruled by operation of law. She then brought this appeal.

–4–

**Analysis**

## I. Jurisdiction

In her first and second issues, D'Olivio contends the trial court's judgment is void because the probate court has exclusive or, alternatively, dominant jurisdiction over this case. In arguing the probate court has exclusive jurisdiction, D'Olivio relies on section 32.005 of the Texas Estates Code. Section 32.005 states that, in a county in which there is a statutory probate court, the probate court "has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested." TEX. ESTATES. CODE ANN. § 31.002. In addition, a cause of action "related to the probate proceeding" must be brought in the probate court unless the jurisdiction of the probate court "is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court." *Id*. D'Olivio argues that, because the claims asserted by Hutson do not fall under any of the categories listed in section 32.007, the probate court's jurisdiction over the case is exclusive rather than concurrent. D'Olivio's argument is misplaced.

For section 32.005 to apply, the case must be either a probate proceeding or a case involving matters related to a probate proceeding. Matters related to a probate proceeding are defined to include "an action for trial of title to real property *that is estate property*," and "an action for trial of the right of property *that is estate property*." *Id*. § 31.002(c)(1). In this case, the sole issue was Hutson's superior title to the property, which she obtained before her father died. The evidence

conclusively showed that Hutson and Thompson were joint tenants of the property based on the May 2018 deed. Thompson and his counsel ratified that deed and agreed Thompson had only a life estate in the property at issue. A life estate terminates upon the death of the life tenant and the life tenant has no power to devise the property that remains at his death. *In re Estate of Hernandez*, No. 05-16-01350-CV, 2018 WL 525762, at *6 (Tex. App.—Dallas Jan. 24, 2018, no pet.) (mem. op.). The property, therefore, passed outside of the estate and is not a part of, or related to, the probate proceeding. *See Wallace v. Wallace*, No. 05-17-00447-CV, 2017 WL 4479653, at *4 (Tex. App.—Dallas 2017, no pet.) (mem. op.) (probate court did not have exclusive jurisdiction where former wife was seeking to partition property as tenant in common and not as heir).

Because the property is not at issue in the probate proceeding, the probate court also does not have dominant jurisdiction in this case. Dominant jurisdiction may arise where two or more cases are inherently interrelated because they involve the same parties and the same controversy. *In re Volkswagen Clean Diesel Litigation*, 557 S.W.3d, 73, 76 (Tex. App.—Austin 2017, no pet.). Although D'Olivio attempts to conflate the two, the controversy in this case concerns the May 2018 deed, while the controversy before the probate court concerns competing wills. Although the same parties are involved, the suits do not involve the same transaction or occurrence. We conclude D'Olivio has not shown the trial court lacked subject matter jurisdiction in this case. *See In re Forney*, 554 S.W.3d 145, 151–52 (Tex.

App.—San Antonio 2018, orig. proceeding). We resolve her first two issues against her.

## II. Notice

In her third issue, D'Olivio contends she was not given twenty-one days' notice of the summary judgment hearing as required by rule 166a(c) of the Texas Rules of Civil Procedure. Rule 166a(c) states that "[e]xcept on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). The rule further requires that any response and opposing affidavits be filed seven days before the day of the hearing. *Id.* The purpose of the notice requirement is to inform the respondent of when their response is due. *Martin v. Martin, Martin, & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998).

The record in this case shows that Hutson filed and served her motion for traditional and no-evidence summary judgment and supporting evidence on November 18, 2019. After the trial court issued a notice stating it would consider the motion on submission, D'Olivio filed her response and supporting evidence on December 10, 2019.

When no decision on the motion was forthcoming from the trial court, Hutson had her motion reset for consideration. On June 11, 2020, Hutson served D'Olivio with notice stating the motion would be considered by submission on July 16. Hutson then filed a motion on June 25, twenty-one days before the hearing,

"renewing" her original motion for summary judgment and asking the court to rule. The renewal motion incorporated the original motion and contained no new argument or evidence pertaining to the summary judgment grounds asserted. The motion did, however, attach exhibits demonstrating D'Olivio's actions during the previous six months, including filing thousands of pages of motions. Based on D'Olivio's extreme litigiousness, Hutson requested the trial court rule on her original summary judgment motion to resolve the case and prevent further waste of judicial resources.

On July 28, 2020, the trial court issued a memorandum stating it was granting Hutson's motion for traditional and no-evidence summary judgment. On August 11, the court signed an order and judgment stating,

> The Plaintiff filed a Motion for Traditional and No-Evidence Summary Judgment on November 18, 2019, renewing that Motion on June 16, 2020.[1] After consideration of the Motion and the extensive briefing of both parties, the Court finds and rules as follows.

The court went on to discuss the evidence, issues, and applicable law and granted Hutson's motion in its entirety.

D'Olivio does not dispute she received Hutson's motion for traditional and no-evidence summary judgment. Nor does she dispute she received notice that the motion would be considered by submission on July 16, 2020. D'Olivio contends

---

[1] The court's recitation of the date of the renewal motion appears to be a typographical error. Both the file stamp on the renewal motion and the trial court's docket sheet show the renewal motion was filed on June 25, 2020.

only that she was never served with Hutson's renewal motion. Even assuming the record supported D'Olivio's contention, the renewal motion did nothing more than request the court to rule on the grounds for summary judgment set forth in Hutson's motion filed nine months earlier. D'Olivio responded to that motion and had ample opportunity to supplement her response if she chose to do so. Because D'Olivio was able to respond to the motion that was ruled upon, and the trial court considered her response to that motion, D'Olivio's alleged failure to be served with a copy of the renewal motion was harmless. *Id*. We resolve D'Olivio's third issue against her.

## III. No-Evidence Summary Judgment

In her fourth issue, D'Olivio contends the trial court erred in granting Hutson's motion for no-evidence summary judgment because (1) Hutson was not entitled to seek a no-evidence summary judgment, (2) the relief sought was nothing more than an impermissible advisory opinion, and (3) she was not given adequate time for discovery.

The basis for D'Olivio's assertion that Hutson was not entitled to seek a no-evidence summary judgment is that Hutson bore the burden of proof at trial on her trespass to try title claim. But Hutson limited her request for a no-evidence summary judgment to only D'Olivio's ability to recover under section 22.021 of the Texas Property Code. Section 22.021 gives a defendant in a trespass to try title action, who is determined not to be the rightful owner of the property, the ability to recover the amount by which the estimated value of improvements made to the property exceeds

the estimated value of the defendant's use, occupation, waste, or other injury to the property. TEX. PROP. CODE ANN. § 22.021(a). D'Olivio bore the burden of proof on this issue. *Id.*; s*ee also Lemus v. Aguilar*, 491 S.W.3d 51, 61 (Tex. App.—San Antonio 2016, no pet.).

Section 22.021 requires a defendant to prove they were in good-faith adverse possession of the property for more than a year before the trespass to try title action was filed. TEX. PROP. CODE ANN. § 22.021(c)(1). Hutson moved for a no-evidence summary judgment on the basis that her trespass to try title action was filed within weeks after her father died and, therefore, D'Olivio could not show she had adversely possessed the property for more than a year. D'Olivio argues the trial court's granting the no-evidence summary judgment was somehow an advisory opinion on an unpleaded adverse possession claim. Regardless of whether the trial court's ruling on the section 22.021 issue would ultimately foreclose a future adverse possession claim, the decision was a proper determination of an issue in the pending trespass to try title action.

Finally, with respect to D'Olivio's contention that she was not given adequate time for discovery before the no-evidence motion was heard, D'Olivio does not point to either an affidavit explaining the need for further discovery or a verified motion

for continuance filed in the trial court.[2] *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Accordingly, she has waived any argument that consideration of the motion was premature. We resolve D'Olivio's fourth issue against her.[3]

## IV. Summary Judgment

In her last issue, D'Olivio contends the trial court erred in granting Hutson's motion for traditional summary judgment because Hutson failed to carry her burden under the "common source doctrine" and there are genuine issues of material fact about whether Hutson had a claim to title. To prevail on a trespass to try title action, a plaintiff must generally prove one of the following: (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitations; or (4) title by prior possession coupled with proof that possession was

---

[2] Although D'Olivio's December 2019 response to Hutson's motion for summary judgment included a motion requesting a sixty-day continuance, the record does not contain a motion for continuance pertaining to the July 2020 submission date.

[3] In the "Issues Presented" portion of D'Olivio's brief, she lists two other sub-issues as part of her challenge to the no-evidence summary judgment: that Hutson failed to meet the specificity requirement of rule 166a(i), and the no-evidence motion failed to address her amended answer and affirmative defenses. Because D'Olivio makes no argument and cites no authority in the body of her brief concerning her specificity complaint, we conclude that issue is waived. *See Sullivan v. Bickel & Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied) (bare assertions of error, without argument or authority, present nothing for review on appeal). With respect to D'Olivio's contention that Hutson's motion for summary judgment failed to address her amended pleading, we see nothing in the record showing that D'Olivio filed an amended pleading. The copy of the pleading D'Olivio references in her brief is an attachment to her response to the motion for summary judgment. And while the trial court's docket statement shows correspondence sent to the court regarding an amended answer, the docket statement does not reflect that any such pleading was ever filed. Moreover, D'Olivio does provide any argument or authority to show that Hutson's motion for summary judgment did not, directly or indirectly, address and resolve all matters asserted in the amended pleading.

not abandoned.  *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018).  Because both Hutson and D'Olivio claimed title to the property through Thompson, Hutson moved for summary judgment on the basis that she had superior title out of a common source.

In support of her motion for summary for summary judgment, Hutson submitted:  (1) a certified copy of the deed by which her parents obtained title to the property in question; (2) a certified copy of her mother's death certificate; (3) a certified copy of her brother's death certificate; (4) a certified copy of the May 2018 deed by which Hutson and Thompson became joint tenants with right of survivorship with a life estate reserved in favor of Thompson; (5) a copy of the order from the probate court placing Thompson under a temporary guardianship; (6) a transcript of the mediated settlement agreement in which Thompson and his counsel ratified the May 2018 deed; (7) a certified copy of Thompson's death certificate; and (8) an abstract of title.  This was sufficient proof of title from a common source pursuant to rule 798 of the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 798.

In support of her claim to superior title, D'Olivio relies upon her purported marriage to Thompson two weeks before he died, and a will he allegedly signed the day before he died.  Because Thompson had only a life estate in the property at the time of his death, D'Olivio could not have obtained superior title to the property through a bequest.  *See In re Estate of Hernandez*, 2018 WL 525762, at *6.  As for D'Olivio's status as Thompson's purported wife, Thompson's right to occupy his

homestead property during his lifetime did not give rise to a similar right for D'Olivio to occupy the property during her lifetime. *See Conrad v. Judson*, 465 S.W.2d 819, 831 (Tex. App.—Dallas 1971, writ ref'd n.r.e.).

D'Olivio asserts she submitted evidence raising genuine issues of material fact precluding summary judgment. In making this assertion, D'Olivio relies primarily on an affidavit she claims Thompson made in February 2019 stating his signature on the May 2018 deed was forged. The affidavit was created while Thompson was the ward of a guardianship instituted primarily to protect him and his estate from D'Olivio. It is undisputed that the guardian, who was given full power to preserve and protect Thompson's estate, played no role in the creation of that affidavit. The trial court concluded the affidavit was "without legal effect" and D'Olivio does not challenge that conclusion on appeal. In addition, as the summary judgment evidence shows, Thompson and his counsel later confirmed the validity of the May 2018 deed and affirmatively agreed that Thompson held only a life estate in the homestead property. We conclude the affidavit does not create a fact issue regarding Hutson's superior title to the property.

D'Olivio additionally points to a copy of a will that appears to have been signed by Hutson's mother, Euvonne, in 1999. D'Olivio argues the will creates a fact issue because Hutson alleged her mother died intestate. Even assuming the will is valid and was not revoked prior to Euvonne's death, there is nothing in the will that affects Hutson's title to the homestead property. The will states that Euvonne

devised and bequeathed all her interest in the homestead property to Thompson. This is the same interest in the property Thompson received as a result of Euvonne's community estate passing to him through intestacy. *See* TEX. ESTATES CODE ANN. § 201.003. Accordingly, either by virtue of the will or intestacy, Thompson's interest in the property was the same at the time he signed the May 2018 deed.

To the extent D'Olivio argues generally that she provided "an overwhelming amount of evidence that contradicted each and every piece of evidence" submitted by Hutson, a global reference to all of the materials submitted does not provide a coherent argument explaining why summary judgment was improper. *Barnett v. Veritas DGC Land Inc.*, No 14-05-01074-CV, 2006 WL 2827379, at *3 (Tex. App.—Houston [14th Dist.] Oct. 5, 2006, pet. denied) (mem. op.). We resolve D'Olivio's fifth issue against her.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200969F.P05

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRIGETTA D'OLIVIO A/K/A
BRIGETTA ALIX ANDERSON,
ALIX BRIGETTA, Appellant

No. 05-20-00969-CV     V.

HILARY THOMPSON HUTSON,
Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-04855-
2019.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee HILARY THOMPSON HUTSON recover her costs of this appeal from appellant BRIGETTA D'OLIVIO A/K/A BRIGETTA ALIX ANDERSON, ALIX BRIGETTA.

Judgment entered July 18, 2022